# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ORTEGA,<br><br>            Plaintiff,<br><br>    v.<br><br>DIAZ, et al.,<br><br>            Defendants. | Case No. 1:19-cv-00687-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED BECAUSE OF PLAINTIFF'S UNTRUE ALLEGATION OF POVERTY IN FILING FOR *IN FORMA PAUPERIS* STATUS**<br><br>**(Doc. 2)**<br><br>**21-DAY RESPONSE DEADLINE** |

Plaintiff filed this civil rights action along with a motion to proceed *in forma pauperis*. (Doc. 2) He included a report of activity in his inmate trust account for the six months prior to initiating this action with his *in forma pauperis* application. (Doc. 2.) That report indicates, over the last six months, Plaintiff received an average of $235.62 per month. (*Id.*) In the six months prior to filing suit, Plaintiff received income totaling $1,413.74. (*Id.*) That report also shows that, in that same time Plaintiff spent nearly that entire sum at an average of $207.76 each month. (*Id.*)

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *IFP*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material

1

part, to pull his own oar." *Doe v. Educ. Enrichment Sys.*, No. 15cv2628-MMA (MDD), 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. Dec. 30, 2015) (citing *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989). The court is required to "dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Plaintiff is currently incarcerated. Thus, the State of California is paying for Plaintiff's daily necessities and Plaintiff is likely not responsible for providing the necessities of life to any dependents. *Williams*, 877 F.2d 65.

A district court is entitled to honor an inmate's decision of other use of available funds which the inmate considered more worthwhile than payment of a federal court's filing fee. *See Olivares*, at 112, (quoting *Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir. 1987) (Noting peanut and candy "comforts" purchased in the prison commissary; "If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").) Here, Plaintiff clearly prioritized his own purchases over the obligation to pay the filing fee in this action as he had several hundred dollars at his disposal in the months before he filed this action. Rather than pay the filing fee for this action, it appears Plaintiff spent

it for his own comforts.

The determination whether a party can proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process").

Accordingly, **within 21 days,** the Court **ORDERS** Plaintiff to show cause why his *in forma pauperis* status should not be denied and this action dismissed without prejudice to refiling with prepayment of the filing fee.

IT IS SO ORDERED.

Dated: **May 22, 2019**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE