1

2

3

4

5

6

7

8　　　　　　　# UNITED STATES DISTRICT COURT

9　　　　　　　### EASTERN DISTRICT OF CALIFORNIA

10

11　VICTOR ORTEGA,　　　　　　　　Case No.  1:19-cv-00687-JLT (PC)

12　　　　　　　　Plaintiff,　　　**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

13　　　　v.

14　DIAZ, et al.,　　　　　　　　(Doc. 2)

15　　　　　　　　Defendants.　　21-DAY DEADLINE

16　　　　　　　　　　　　　　CLERK OF COURT TO ASSIGN DISTRICT JUDGE

17

18　　　　　　　　　　　**BACKGROUND**

19　　　　Plaintiff filed this civil rights action along with a motion to proceed *in forma pauperis*.

20　(Doc. 2.)  Plaintiff included a report of activity in his inmate trust account for the six months prior

21　to initiating this action with his *in forma pauperis* application.  (Doc. 2.)  That report indicates,

22　over the last six months, Plaintiff received an average of $235.62 per month.  (*Id.*)  In the six

23　months prior to filing suit, Plaintiff received income totaling $1,413.74.  (*Id.*)  That report also

24　shows that, in that same time Plaintiff spent nearly that entire sum at an average of $207.76 each

25　month.  (*Id.*)  Plaintiff thus had more than sufficient funds to be required to pay the filing fee in

26　full to proceed in this action.

27　/ / /

28　/ /

1

## DISCUSSION

### I.     Legal Standard

An indigent party may be granted permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees.  28 USC § 1915(a).  The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion.  *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing

his dependents with the necessities of life.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012).  Plaintiff is currently held at Avenal State Prison in Avenal, CA.  Thus, the State of California is paying for his necessities of daily life.  *Williams*, 877 F.2d 65.

In the six months prior to filing suit, Plaintiff received income totaling $1,413.74. In that same time Plaintiff spent nearly that entire sum at an average of $207.76 each month.  Rather than pay the filing fee for this action, it appears Plaintiff spent his money for his own comforts.  Thus, Plaintiff's application to proceed *in forma pauperis* should be denied.

## **RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis*, filed on May 17, 2019 (Doc. 2), be **DENIED** and this action be dismissed without prejudice to refiling with prepayment of the filing fee.

The Clerk of the Court is directed to randomly assign a district court to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is informed that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**July 1, 2019**__                          _____**/s/ Jennifer L. Thurston**_____
                                                                    UNITED STATES MAGISTRATE JUDGE

3